IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-00016

| | |
|---|---|
| ERIC PASCOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BUSKRO USA LTD., a corporation; BUSKRO ) | |
| INTERNATIONAL LTD., a corporation; and ) | |
| BUSKRO LTD., a corporation, ) | |
| ) | |
| Defendants ) | |

This matter is before the court on Plaintiff's Motion to Remand [DE-12]. The Defendants have responded [DE-15] and Plaintiff has replied [DE-16]. This matter is ripe for disposition.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Eric Pascoe ("Pascoe") filed a civil action in the Superior Court of Wake County, North Carolina on December 11, 2007 against Buskro USA Ltd., a corporation, Buskro International Ltd., a corporation, and Buskro Ltd., a corporation ("Defendants"). [DE-1]. On January 11, 2008, Defendants filed a Notice of Removal [DE-1] pursuant to 28 United States Code Sections 1332, 1441, and 1446. Specifically, Defendants asserted that they were comprised of a Delaware corporation and two Canadian international corporations, all of which operated principal places of business "outside the state of North Carolina." [DE-1]. Defendants also stated that Pascoe was an individual domiciled in Wake County, North Carolina. Defendants alleged that the parties' locations and the amount in controversy, which exceeded $75,000.00, created complete

diversity pursuant to 28 United States Code 1332 as the grounds for removal to this court. [DE-1] ¶¶ 8-10.

On February 11, 2008, Pascoe filed a Motion to Remand [DE-12]. As basis for his motion, Pascoe stated that, at the time of the filing of his complaint, Defendants still operated a principal place of business in North Carolina. Accordingly, Pascoe requested this court to remand the case to Wake County, North Carolina's Civil Superior Court. Pascoe further requested this court to award him attorneys fees incurred with the removal and remand proceedings.

On March 3, 2008, Defendants filed a response to Pascoe's Motion to Remand labeled a Consent to Motion for Remand [DE-15]. In their motion, Defendants do not contest the remand to state court, but do allege that grounds for removal still exist. Specifically Defendants claim that grounds exist because, as Plaintiff acknowledged in his complaint [DE-1] Exh. 1, ¶ 15, the company closed its North Carolina doors following the termination of Pascoe as an officer and, therefore, and at the time of the filing of the complaint, diversity existed as required by statute. [DE-15]. Because Defendants argue that the grounds for removal were reasonable under these circumstances, they object to this court awarding Pascoe attorneys fees incurred with these proceedings.

## ANALYSIS

According to the statute, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Any such award is at the court's discretion, however, and may be made whether or not removal was in bad faith. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). The Supreme Court has held that "the standard for awarding fees

should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

In general, the basis for federal jurisdiction must exist on the face of Plaintiff's complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As the Fourth Circuit has stated, the party seeking removal has the burden of demonstrating the existence of federal jurisdiction. *Mulcahey v. Colombia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). In Pascoe's complaint, as noted by Defendants, it is admitted that, after Pascoe was terminated, Defendants closed the North Carolina office for business. [DE-1] Exh. 1, ¶ 15. Indeed, Defendants contend that the principal places of business of each of the corporations named as defendants in this action maintain principal places of business outside the state of North Carolina, and argue that, therefore, removal was proper at the time of the filing of the complaint.

While Defendants have not offered evidence as to the current location of operation for the headquarters of the office previously located in North Carolina, there is no evidence of bad faith on their part evinced by the filing of their notice of removal. Given that Defendants had closed the doors to the North Carolina office at the time Pascoe filed his complaint, there appears to be an "objectively reasonable basis" for removal. *See Martin*, 546 U.S. at 142; *Walls v. Lemmon*, 2007 U.S. Dist. LEXIS 77393, * 4 (S.D.W. Va. Oct. 17, 2007). Therefore, the court declines to award Pascoe attorneys' fees and costs for the costs associated with this remand.

3

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand [DE-12] is ALLOWED. Plaintiff's request for attorneys' fees, however, are DENIED. Accordingly, this case is REMANDED to the Superior Court of Wake County, North Carolina, Civil Division. The Clerk of Court is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wake County, North Carolina.

So ORDERED.

This the 18th day of April, 2008.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge